JANVIER, Judge.
Dixie Drive It Yourself System, a corporation domiciled in New Orleans and engaged in the rental of automobiles and trucks, seeks to recover from American Moving Company, Inc., $319.86, together with interest and attorney’s fees at 25% of the total amount, for the rental of automobile trucks by plaintiff under written contract, which provides that
“in the event it becomes necessary for the Company to employ an attorney to enforce any obligation or liability due to it by this customer, then the customer agrees to pay an attorney’s fee of 25% of the amount due for the collecting or attempting to collect any amount that may be due the Company hereunder. * * * ”
Defendant admits the execution of the contract and the use of the trucks, and especially admits that it is indebted to plaintiff in the sum of $319.86, representing the overdue amount for the rental of the trucks, but it denies any liability for the attorney’s fees, averring that, before it became necessary to employ attorneys and in fact before attorneys were employed, the plaintiff corporation attempted to collect the said balance, together with the attorney’s fee, and refused to accept the balance unless the attorney’s fee should also be paid.
There was judgment in favor of plaintiff as prayed for and defendant has appealed suspensively.
The indebtedness was overdue for a period of from two to three months and plaintiff, through telephone calls and in person, made demand for the amount. It is said by the President of the defendant corporation that, before there was any necessity for the employment of attorneys, the plaintiff corporation sent to defendant an invoice which showed an indebtedness of $319.86 for the rental of trucks and also a further indebtedness for “interest” amounting to $79.96, and that it was upon refusal of defendant to pay this additional charge of “interest” which prompted plaintiff to turn' the matter over to its attorneys.
Plaintiff maintains that no such invoice was sent, and that at all times, until it placed the matter in the hands of its attorney, it demanded only the amount due for rental.
The matter seems to hinge upon a question of whether or not plaintiff sent such an invoice showing a charge for “interest”. The President of the defendant corporation, who says he personally received the invoice, was asked to produce it. He could not do so, saying that his “reaction was to get mad,” and he adds “I believe I took and threw it in the wastepaper basket.”
If such an invoice was received, no complaint was made to the plaintiff company. The President of the defendant company says that he showed it to Mr. Penot, an employee of defendant, and that they talked about it. Mr. Penot was not produced as a witness. When asked whether he had attempted to talk to any one at the office of the plaintiff corporation about the charge for “interest”, he answered, “no”, and said that “it wasn’t long after we got that we got the suit.”
One of the attorneys for the plaintiff corporation testified that his law firm made demand some time before this suit was filed, stating in the letter that, as a result of employment of attorneys, the additional 25% had become due. A copy of that letter was produced, and the attorney stated.that he had mailed it to the defendant corporation and that it had never been returned. While the President of the defendant corporation says that he did not receive that letter, his testimony is not persuasive.
The record convinces us that the failure of the defendant corporation to pay the amount due within a reasonable time was due to the fact that its own collections *831 were slow. Its delay in payment justified the employment of the attorneys.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant.
Affirmed.